IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELLODY ESTELLA MARIA W
HUNTLEY,

      Plaintiff,

  v.

SOCIAL SECURITY
ADMINISTRATION and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES,

      Defendants.

No. 21-cv-06389
Judge Franklin U. Valderrama

## ORDER

Plaintiff Mellody Huntley (Huntley) filed a *pro se* complaint against the Social Security Administration (the SSA) and her union, the American Federation of Government Employees (the AFGE) (together with the SSA, Defendants), in the Eastern District of Pennsylvania. R. 7, Am. Compl.[1][2] She alleges claims for employment discrimination on the basis of race, color, gender, religion, or national origin under Title VII of the Civil Rights Act of 1964 (Title VII), age under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the ADEA), and race or one of many other statuses under the Pennsylvania Human Relations Act, 43 Pa. Const. Stat. § 951, *et seq. Id.* Huntley also filed a motion for leave to proceed *in forma pauperis* (IFP). R. 8, IFP Application.

Shortly after she filed her amended complaint, the Eastern District of Pennsylvania transferred the case to this judicial district due to improper venue, pursuant to 28 U.S.C. § 1406(a). R. 9, Transfer Order.

For the reasons discussed below, the Court grants Huntley's IFP Application but dismisses her amended complaint with prejudice.

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2]Huntley filed her original complaint in this case (R. 1, Compl.) but then the next day, she filed an amended complaint which includes two form *pro se* complaints, one of which is identical to the form complaint she used for her original complaint.

**Statement**

Pursuant to 28 U.S.C. § 1915(a)(1), any person may commence a civil action without the prepayment of fees if he or she is unable to pay them. As an initial matter, the Court grants Huntley's IFP Application. Based on the total assets Huntley represents that she has, including the fact that her total assets are below the United States Health and Human Services poverty guidelines, and the fact that her total liabilities exceed her total assets, the Court finds that Huntley qualifies to proceed IFP and grants her IFP Application. *See Newell v. Velacruz*, 2017 WL 5905275, at *1 (N.D. Ill. Jan. 26, 2017) ("Courts in this district have used the United States Health and Human Services ("HHS") poverty guidelines to determine whether a litigant is indigent."); *Bittman v. Illinois*, 2013 WL 120285, at *1 (N.D. Ill. Jan. 8, 2013) (same).

The Court must screen all complaints accompanied by an application for leave to proceed IFP, and it must dismiss a complaint that "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(2)(B)(i)–(iii); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of 28 U.S.C. § 1915 to cases brought by non-prisoners). Courts screen complaints under § 1915 in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Here, Huntley's new case is barred by res judicata, which bars an action "if there was a final judgment on the merits in an earlier case and both the parties and claims in the two lawsuits are the same." *Keller v. Monroe Cnty. Sheriff's Dep't*, 473 Fed. Appx. 510, 510–11 (7th Cir. 2012).

As the Eastern District of Pennsylvania noted in its transfer order, Huntley's amended complaint includes two form complaints. *See* Transfer Order at 1 n.1. In one, she generally alleges employment discrimination and that she never received monetary awards she should have received as a result of an AFGE grievance against the SSA. Am. Compl. at 6–7. She seeks compensatory and punitive damages and injunctive relief to "cease and desist filing evidence all related to employment discrimination." *Id.* at 8. In the second, she alleges the following types of discriminatory conduct on the part of the AFGE and the SSA: termination of her employment, failure to promote her, failure to stop harassment, unequal terms and conditions of her employment, retaliation, and "hired imposters using [her] social security number." *Id.* at 13–14. She seeks a promotion from the SSA, a release of settlement agreement funds and pension back pay from the SSA and the AFGE, and other unspecified monetary damages from the SSA and the AFGE. *Id.* at 16.

Again, as the Eastern District of Pennsylvania noted in its transfer order, Huntley previously filed a "somewhat similar claim" in that court (Case No. 21-cv-860), which was then transferred to this judicial district. *See* Transfer Order at 1 n.1.

That case was assigned case number 21-cv-01185.³ *Huntley v. SSA* (*Huntley I*), 21-cv-01185 (N.D. Ill.). After the case was transferred, the Court directed Huntley to file an amended complaint with short numbered paragraphs. *Huntley I*, ECF No. 8. Huntley then filed her first amended complaint, which the Court struck because it failed to set forth a plain statement of her claim for relief. *Huntley I*, ECF No. 43. Huntley then filed her second amended complaint, which the Court dismissed for failure to state a claim under 28 U.S.C. § 1915(2)(B)(ii). *Huntley I*, ECF No. 85, Dismissal Order. In her second amended complaint, Huntley brought claims against both the SSA and the AFGE, even though the SSA is the only named defendant in the case caption. She alleged that she was employed by the SSA from 2007 through 2019 until she was fired. *Id.* at 1. She was reinstated after a successful unemployment compensation appeal and then retired in December 2019. *Id.* at 1–2. Among her many widespread allegations, she alleged that she was under attack by the SSA and the AFGE; she was wrongfully terminated; she was denied proper compensation; that the SSA and the AFGE used paid informants to deprive her of her entitled pension benefits; and the SSA and the AFGE paid imposters to use her and her husband's residential address. *Id.* at 2. She sought various relief, including but not limited to, compensatory damages, injunctive relief such as "cease and desist wiretapping and surveillance" and "reinstatement promotion," and other damages. *Huntley I*, ECF No. 44, at 4.

The Court concluded that Huntley had not stated a "plausible claim for which this court could grant relief" and dismissed the case without prejudice. Dismissal Order at 3. The Court provided leave to Huntley to seek reinstatement and ordered that any reinstatement motion must be accompanied by a third amended complaint that cured the deficiencies in her second amended complaint. *Id.* at 3–4. Huntley filed a reinstatement motion and a third amended complaint, but the Court denied her reinstatement motion, finding that she still had not stated plausible claims for which the Court could grant relief. *See Huntley I*, ECF No. 89.

In both *Huntley I* and the instant case, Huntley alleges claims based on the alleged wrongful conduct on the part of the SSA and the AFGE as a result of her employment with the SSA. She claims in both cases that she is due pension benefits that are owed to her, that she is due certain unspecified monetary damages, that she was wrongfully terminated, that the SSA and the AFGE hired imposters that used her personal information, and that both the SSA and the AFGE committed other employment-related wrongful acts against her. She also seeks injunctive relief requiring ceasing and desisting of certain conduct on the part of the SSA and the AFGE. While she has certain other claims in each suit that are not present in the other, "res judicata in the sense of claim preclusion does not require that an issue actually have been litigated, but only that it could have been." *Golbourn v. Gen. Motors. Corp.*, 98 F. Supp. 2d 975, 977 (N.D. Ill. 2000) ("If it could have been litigated,

---

³*Huntley I* was assigned to Judge Pallmeyer.

3

but was not, the failure to do so becomes a reason for rather than against preclusion. The very object of the doctrine of claim preclusion is to prevent people from breaking up their claims into separate little pieces and trying to make each one the basis for a separate lawsuit.") (internal quotation and citation omitted).

Moreover, even though a § 1915(e)(2)(B)(ii) dismissal is not a judgment on the merits, such a dismissal has a res judicata effect over future IFP suits. *See Keller*, 473 Fed. Appx. at 511 ("Because [the plaintiff's] second suit was also brought *in forma pauperis*, it is precluded by the claims from his first suit that were based on the same facts."); *see also Donelson v. Prado*, 2011 WL 941233, at *6 (N.D. Ill. Mar. 16, 2011) (holding that dismissal under the § 1915(e)(2)(B)(ii) constitutes a final judgment on the merits for preclusion purposes). Here, because Huntley has filed her IFP Application and seeks to proceed IFP as she did in the first lawsuit, the Court's dismissal order related to Huntley's second amended complaint in *Huntley I* has a preclusive effect barring this lawsuit. As a result, the Court dismisses this case with prejudice.[4] This civil case is terminated.

Date: December 30, 2021

_____
United States District Judge
Franklin U. Valderrama

---

[4] The court in *Huntley I* warned Huntley of this possibility, stating: "The court takes notice that the District Court in Pennsylvania has ordered that case transferred to this court. Ms. Huntley is advised that the transferred case will be assigned a new case number. She is also warned that if the transferred case raises the same claims or issues that were presented in the case this court has already decided, the transferred case will be dismissed." *Huntley I*, ECF No. 156.

4